**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KURT SCHERTLE, | No. 4:25-CV-02080 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WEIS MARKETS INC. and the WEIS MARKETS INC. RETIREMENT COMMITTEE, | |
| Defendants. | |

**MEMORANDUM OPINION**

**JUNE 17, 2026**

Presently before the Court is Defendants Weis Markets, Inc. and Weis Markets, Inc. Retirement Committee's (together, "Weis Markets") Motion to Dismiss Counts II through VII of Plaintiff Kurt Schertle's ("Schertle") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

This action arises from Defendants' denial of retirement benefits allegedly owed to Plaintiff under the Weis Markets Supplemental Executive Retirement Plan ("SERP"), an unfunded deferred compensation arrangement for executives and highly paid employees commonly known as a "top hat" plan.[2] Plaintiff alleges that Defendants improperly characterized his separation from employment as a

---

[1] *See* Doc 11; Defendants do not seek dismissal of Count I, Plaintiff's claim for benefits pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"). Accordingly, Plaintiff's ERISA denial of benefits claim remains pending.

[2] Doc. 1 ¶¶ 9-10, 31-33.

termination "for cause" and thereby forfeited more than four million dollars in employer-funded retirement benefits.[3] Defendants contend that Plaintiff forfeited those benefits pursuant to Article 9 of the SERP following conduct constituting cause under the plan.[4]

The issue presently before the Court is whether Counts II through VII state independent causes of action separate from Plaintiff's ERISA claim for benefits. This Court holds that they do not, and for the reasons that follow, Defendants' motion will be granted.

## I.   BACKGROUND

Accepting the allegations contained within the Plaintiff's complaint as true for purposes of the present motion, Plaintiff began employment with Weis Markets in 2009 as Senior Vice President of Sales and Merchandising, becoming a participant in the SERP.[5] In 2011, as a tool to retain Plaintiff after he had been offered another position from a competitor, Plaintiff and Weis Markets entered into an amendment to the SERP which stipulated that Plaintiff would receive additional annual employer credits provided that he remained employed by Weis Markets and completed the

---

[3]   *Id.* ¶¶ 24-29, 36-49.
[4]   Doc. 11 at 2-4.
[5]   Doc. 1 ¶¶ 8-10.

requisite hours of service (the "2011 Amendment").[6] Plaintiff was promoted to Chief Operating Officer in 2014.[7]

On or about October 11, 2024, Plaintiff disclosed to Weis Markets' Senior Vice President of Human Resources that he had engaged in a consensual romantic relationship with another Weis Markets employee.[8] Several days later, Plaintiff met with Human Resources and Weis Markets' Chief Executive Officer, where he was informed that leadership had lost trust in him and that the parties should separate.[9]

Plaintiff alleges that he was never formally terminated and was never informed that his separation was for cause.[10] Plaintiff alleges that instead, he was terminated due to the Chief Executive Officer's personal animus against him.[11] Plaintiff further alleges that Weis Markets initially proposed a severance package that included payment of his full SERP benefits but later withdrew that proposal and denied payment of those benefits.[12]

On or about January 15, 2025, Plaintiff requested payment of benefits allegedly due under the SERP.[13] The Weis Markets Retirement Committee denied

---

[6]    *Id.* ¶¶ 11-12.
[7]    *Id.* ¶ 13.
[8]    *Id.* ¶ 15.
[9]    *Id.* ¶ 16.
[10]   *Id.* ¶¶ 17-19.
[11]   *Id.* ¶ 42.
[12]   *Id.* ¶¶ 21-23.
[13]   *Id.* ¶ 24.

that request and subsequently denied Plaintiff's administrative appeal.[14] Plaintiff then commenced this action.

Count I asserts a claim for benefits pursuant to ERISA § 502(a)(1)(B).[15] Defendants do not seek to dismiss Count I. Counts II and VII assert breach of contract claims.[16] Count III asserts unjust enrichment.[17] Count IV alleges breach of fiduciary duty.[18] Counts V and VI assert promissory estoppel claims.[19] Defendants seek to dismiss Counts II through VII.[20]

## II.    LAW

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[21] and *Ashcroft v. Iqbal*,[22] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a

---

[14]    *Id.* ¶¶ 25-28.
[15]    *Id.* ¶¶ 30- 49.
[16]    *Id.* ¶¶ 50-54, 73-77.
[17]    *Id.* ¶¶ 55-59.
[18]    *Id.* ¶¶ 60-64.
[19]    *Id.* ¶¶ 65-72.
[20]    Doc. 10 at 1-2.
[21]    550 U.S. 544 (2007).
[22]    556 U.S. 662 (2009).
[23]    *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[24]

## III.   ANALYSIS

The complaint alleges that the SERP is a "top hat" plan under ERISA.[25] Although top hat plans remain subject to ERISA's enforcement provisions, they are exempt from ERISA's participation, vesting, funding, and fiduciary-duty requirements.[26] Courts therefore apply ordinary principles of contract interpretation in construing such plans while enforcing those rights through ERISA's remedial scheme.[27]

### A.    Counts III and IV

Defendants argue that Count III, unjust enrichment, and Count IV, breach of fiduciary duty, fail as a matter of law.[28] Plaintiff's opposition brief does not address either claim.[29]

---

[24] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[25] Doc. 1 ¶ 31.
[26] *Kemmerer v. ICI Americas, Inc.*, 70 F.3d 281, 286 (3d Cir. 1995).
[27] *Id.* at 287.
[28] Doc. 11 at 5-7.
[29] *See generally* Doc. 13.

The United States Court of Appeals for the Third Circuit and this Court have deemed that claims are abandoned when a plaintiff fails to respond to arguments seeking to dismiss those claims.[30] Because Plaintiff has not addressed Defendants' arguments concerning Counts III and IV, the Court concludes that those claims have been abandoned.

Even if Plaintiff had addressed Counts III and IV, dismissal would still be warranted. Count III seeks recovery under an unjust enrichment theory.[31] Plaintiff's rights arise entirely from the SERP and the 2011 Amendment, both of which are written agreements governing the parties' relationship.[32] To recover under unjust enrichment, there must be an absence of written agreement between parties.[33] Because the dispute between the parties arises out of an express agreement, an unjust enrichment claim cannot proceed.[34]

Count IV alleges breach of fiduciary duty.[35] Plaintiff expressly alleges that the SERP is a top hat plan.[36] Because top hat plans are exempt from ERISA's fiduciary duty provisions, Plaintiff cannot maintain an ERISA fiduciary duty claim as a matter

---

[30]   *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994); *Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997); *D'Angio v. Borough of Nescopeck*, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999).
[31]   Doc 1. ¶¶ 55-59.
[32]   *Id.* ¶¶ 9-12, 52.
[33]   *See Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987); *Mitchell v. Moore*, 729 A.2d 1200, 1203 (Pa. Super. Ct. 1999).
[34]   *See id.*
[35]   Doc. 1 ¶¶ 60–64.
[36]   *Id.* ¶ 31.

of law.[37] Moreover, Plaintiff acknowledges in his opposition brief that top hat plans are exempt from ERISA's fiduciary provisions.[38] Accordingly, Counts III and IV are dismissed.

### B.    Counts II and VII

Counts II and VII assert breach of contract claims arising from the SERP and the 2011 Amendment to the plan.[39] Defendants argue that these claims are duplicative of Count I because Plaintiff already seeks recovery of the same benefits through ERISA's civil-enforcement provisions.[40] The Court agrees.

Count I alleges that Defendants improperly denied benefits due under the SERP.[41] Counts II and VII rely upon the same operative facts and seek the same relief.[42]

Contract principles govern interpretation of top hat plans.[43] However, Plaintiff's entitlement to benefits must still be determined through ERISA's statutory enforcement framework.[44] Plaintiff identifies no relief available under Counts II and

---

[37]   *Kemmerer*, 70 F.3d at 286.
[38]   Doc. 13 at 5.
[39]   Doc. 1 ¶¶ 50–54, 73-77.
[40]   Doc. 11 at 3-5.
[41]   Doc. 1 ¶¶ 37–49.
[42]   *Compare id.* ¶¶ 45-49 *with id.* ¶¶ 50–54, 73–77.
[43]   *Kemmerer* 70 F.3d at 287.
[44]   *See id.* at 286.

VII that is unavailable through Count I, nor does he identify any gap in ERISA's remedial scheme requiring separate contract claims.[45]

Plaintiff's papers in opposition assert that the alleged breach arises from Defendants' purported misinterpretation and inconsistent application of the SERP's cause provisions.[46] Those allegations are fully encompassed within Count I.[47] Accordingly, Counts II and VII will be dismissed as duplicative of Plaintiff's denial of benefits claim.

### C.    Counts V and VI

Counts V and VI assert promissory estoppel claims concerning the SERP and the 2011 Amendment.[48] To state a promissory estoppel claim, a plaintiff must establish: (1) a material representation; (2) reasonable and detrimental reliance upon that representation; and (3) extraordinary circumstances.[49] The complaint fails to satisfy that standard.

Plaintiff principally relies on two categories of alleged material representations on which he claims to have relied: first, the promises contained within the SERP and the 2011 Amendment to the plan; and second, allegations that

---

[45]  *See Pane v. RCA Corp.*, 868 F.2d 631, 635-36 (3d Cir. 1989) (holding that ERISA's civil-enforcement provisions provide remedy for claims seeking benefits under an ERISA plan).

[46]  Doc. 13 at 6-8.

[47]  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54-56 (1987) (emphasizing the exclusivity of ERISA's remedial scheme for claims seeking plan benefits).

[48]  Doc. 1 ¶¶ 65-72.

[49]  *Pell v. E.I. DuPont de Nemours & Co.*, 539 F.3d 292, 300-03 (3d Cir. 2008).

Weis Markets signified that Plaintiff would receive SERP benefits as part of a proposed severance package.[50]

Neither category supports an independent estoppel claim. The alleged promises contained in the SERP and amendment are the same contractual obligations Plaintiff seeks to enforce through Count I. Likewise, allegations concerning severance negotiations do not establish the extraordinary circumstances required by Third Circuit precedent.[51]

Plaintiff alleges that "extraordinary circumstances" arise in that Weis Markets historically paid benefits to other executives who engaged in similar conduct.[52] Even accepting that allegation as true, it concerns the consistency with which Defendants applied the SERP plan rather than meeting the "extraordinary circumstances" standard set forth by the Third Circuit.[53] It therefore bears directly on Plaintiff's denial of benefits claim rather than establishing an independent estoppel theory.

Counts V and VI serve to repackage Plaintiff's central contention that Defendants wrongly denied him benefits under the SERP plan. That dispute remains

---

[50]   Doc. 1 ¶¶ 11-12, 21-23, 65-72.

[51]   *See Pell*, 539 F.3d at 303 (explaining that "[e]xtraordinary circumstances can arise where there are 'affirmative acts of fraud,' where there is a 'network of misrepresentations . . . over an extended course of dealing,' or where particular plaintiffs are especially vulnerable"). Plaintiff's complaint alleges none of these circumstances.

[52]   Doc. 1 ¶ 20.

[53]   *See Pell*, 539 F.3d at 303 (assuming Plaintiff is alleging a "network of misrepresentations . . . over an extended course of dealing," and that "extended course of dealings" refers to the payments to other employees, this argument fails. Under Third Circuit precedent, the extended course of dealings would have to have been dealings between Defendants and Plaintiff himself; not between Defendant and other people).

fully before the Court through Count I. Accordingly, Counts V and VI are also dismissed.

## IV.   CONCLUSION

The Court concludes that Counts II through VII fail to state independent claims upon which relief may be granted.[54] Counts III and IV are additionally deemed abandoned because Plaintiff failed to respond to Defendants' arguments seeking dismissal of those claims.[55] Defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted.

The Third Circuit has held that claims should be dismissed with prejudice when an amendment to those claims would be futile.[56] Counts II and VII assert breach of contract claims, which are duplicative to Count I. Count III asserts an unjust enrichment claim, which cannot stand as the parties entered into a written agreement. Count IV asserts a breach of fiduciary duty, however Plaintiff admits that top hat plans are not subject to ERISA's fiduciary duty provisions. Therefore, Counts II, III, IV, and VII are dismissed with prejudice.

However, Plaintiff is granted leave to amend Counts V and VI as he may plausible allege viable facts in support of those claims. "The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a compliant could be

---

[54]   *See Iqbal*, 556 U.S. at 678.
[55]   *See Laborers' Int'l Union of N. Am., AFL*-CIO, 26 F.3d at 398; *Reynolds*, 128 F.3d at; *D'Angio*, 34 F. Supp. 2d at 265.
[56]   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

cured by amendment but leave to amend is not sought."[57]But the law in the Third Circuit is clear that leave to amend should be "freely given" regardless of whether leave is specifically requested.[58]

As such, Plaintiff will be given fourteen days from today's date to file an amended complaint. If no amended complaint is filed, the claims will be subject to dismissal with prejudice.

An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[57] *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000).
[58] *Id.* (quoting Fed. R. Civ. P. 15(a)).

11